Honorable Jack McCoy State Representative 712 McNeil Street Malvern, AR 72104
Dear Representative McCoy:
This official Attorney General's Opinion is written pursuant to your following questions:
 1. Would the members of the Chiropractic Examiners Board be immune to civil liability if the Board was legally charged with the responsibilities that are currently performed by the Peer Review Committee?
 2. If the Board employed licensed doctors of chiropractics to perform the Peer Review functions, would they be immune from liability?
Officers and employees of the State of Arkansas are immune from civil liability for acts or omissions, other than malicious acts or omissions, occurring in the scope of their employment. Ark. Stat. Ann. 13-1420.
Pursuant to Article 5, Section 29 of the Arkansas State Constitution, the State of Arkansas shall never be made a defendant in any of her courts. State boards are considered to be governmental entities and are immune from civil liability as far as State actions are concerned.
The Board of Chiropractic Examiners enjoy this immunity and would continue to be protected from civil liability if the Peer Review Committee were placed under its authority.
In response to your second question, there would be a fact determination as to whether hired chiropractic physicians would be considered State employees or independent contractors. That determination cannot be made with the facts presented.
Pursuant to Ark. Stat. Ann. 13-1420 State employees are immune from civil liability for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment. However, independent contractors are generally not considered to be State employees for the purposes of civil immunity and could be subject to liability. An independent contractor, working for the State, has been held not to be "an employee of the State." Kreipke v. Commissioner of Internal Revenue, F.2d 594. "Ordinarily the State is not liable for the torts of an independent contractor performing work for the state, since the contractor alone is liable . . ." C.J.S. States 201.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Mark Lewis.